**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1395
_____

UNITED STATES OF AMERICA

v.

MYCHAEL SAUNDERS,
                                        Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(Crim. No. 2:08-cr-00165-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 10, 2026


Before: CHAGARES, Chief Judge, SCIRICA, and RENDELL, *Circuit Judges*.

(Filed: April 23, 2026)

_____

OPINION[1]

_____

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Appellant Mychael Saunders appeals his new sentence, which the District Court imposed following a successful challenge to an underlying conviction related to his commission of a string of armed robberies. Saunders contends that the District Court committed four errors in resentencing him. We disagree and, thus, we will affirm.

## I.

### A.

Between November 2005 and January 2006, Saunders and a coconspirator robbed a series of businesses in Philadelphia at gunpoint. He was later convicted by a jury on one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of Hobbs Act robbery and one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1). The District Court sentenced him to a within-the-U.S. Sentencing Guidelines range term of imprisonment of 619 months.

### B.

As it had the first time, the Probation Office calculated Saunders's Guideline range by considering each of the armed robberies that Saunders committed. It also again considered Saunders's juvenile conviction and sentence to determine his criminal history category. At bottom, the Probation Office calculated Saunders's Guideline range to be 248 to 295 months' imprisonment.

The Government argued for an upward variance based upon, among other things, the violent nature of the offense, where "Saunders shot and badly injured an employee[,]" App. 152, and post-conviction evidence reflecting Saunders's commission of eighteen disciplinary infractions (some involving violence against Bureau of Prisons staff) while imprisoned.

Saunders, by contrast, argued for a sentence of time served, which he urged was "minimally sufficient to accomplish the goals of sentencing." App. 167. In support of his request for a downward departure or variance, Saunders cited his relative youth at the time he committed his offenses, his change of heart and present acceptance of responsibility for his actions despite his earlier defiance, the support of his family, his various health issues, and his rehabilitation while in prison through education and work programs. Although his disciplinary records admittedly showed that he had some "egregious" infractions while in custody, App. 197, he urged that his infractions should be considered in context.

After hearing argument and accepting live testimony, the District Court imposed an upward variance, which resulted in a sentence of 360 months' imprisonment. At the outset of the hearing, the District Court confirmed that all parties received and reviewed the PSR. It further confirmed that the parties had neither issues with nor objections to the

3

PSR.[2] Neither party disputed the guideline range of 248 to 295 months. So, the District Court "accept[ed] and adopt[ed] the facts and conclusions" in the PSR. App. 189.

The District Court acknowledged Saunders's arguments in favor of a downward departure or variance, but the District Court found, instead, that the record supported an upward variance. It explained that an upward variance was appropriate due to the "incredibly serious nature of these crimes," *Id.* at 222, and noted that Saunders' still posed a "danger to the community," *Id.* at 219, as evidenced by his eighteen disciplinary infractions. The District Court carefully weighed, but ultimately found insufficient to justify a sentence of time served, evidence of Saunders's rehabilitation, family support, time that had elapsed since his original offense, his age at the time of the offense, and his statement that he now accepted responsibility.

Saunders appealed.

## II.

Purported sentencing errors are generally reviewed for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 40-41 (2007)). Thus, absent a significant procedural error, we must "'give due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." *Id.* (quoting *Gall*, 552 U.S. at 51).

---

[2] Saunders made two objections to the supplemental presentence report, one to correct his age at the time the offenses were committed and another to apply the appropriate mandatory minimum for his conviction under § 924(c)(1). The District Court sustained both objections.

Unpreserved challenges to a sentence are reviewed for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002) (citation omitted); *United States v. Tai*, 750 F.3d 309, 313-14 (3d Cir. 2014). To merit reversal on plain error review, "there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Tai*, 750 F.3d at 313-14 (citation omitted). For an error to be "plain," it must be "clear" or "obvious." *United States v. Dobson*, 419 F.3d 231, 239 (3d Cir. 2005) (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

### III.

On appeal, Saunders advances four challenges to the District Court's sentence. We reject each.

### A.

Saunders first urges that the District Court plainly erred in adopting the Probation Office's calculation of his total offense level, which was based, in part, upon consideration of each armed robbery committed. As the uncharged robberies were charged as overt acts rather than as substantive crimes, his argument goes, they could not be considered for sentencing purposes without an explicit, independent finding by the District Court that he had committed the robberies. [3]

Under U.S.S.G. § 1B1.2(d), "[a] conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on

---

[3] While Saunders urges that the District Court failed make any explicit "findings of fact" regarding his underlying robberies, he does not urge that he did not commit them.

a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G. § 1B1.2(d). Where a general guilty verdict does not specify "which offense(s) [were] the object of the conspiracy. . . . subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense." *Id.* at n.4. Saunders urges that the District Court failed to do so. But Saunders never brought this failure to the attention of the District Court. Accordingly, our review is for plain error.

Generally, "a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins*, 54 F.3d 163, 166-67 (3d Cir. 1995). And "[a]t sentencing, the court[] . . . may accept any undisputed portion of the presentence report as a finding of fact[.]" Fed. R. Crim. P. 32(i)(3)(A). The District Court confirmed that the parties had no objection to either of the PSRs before the court accepted and adopted both in their entirety.[4] So, even if the District Court erred, as Saunders claims, we reject this unpreserved claim of error as insufficiently "clear" or "obvious" to warrant reversal under plain error review. *Dobson*, 419 F.3d at 239.

## B.

Next, Saunders urges that the District Court plainly erred in adopting the Probation Office's calculation of his criminal history category, which resulted in a two-point increase to his total offense level. On appeal, he argues for the first time that while

---

[4] Saunders also never raised this purported error in connection with his direct appeal of his original sentence or in connection with his post-conviction proceedings.

he was admittedly convicted as a juvenile and sentenced to serve time at a boot camp, he was never *confined*. Instead, he was free to come and go as he pleased, and, therefore, not confined for purposes of calculating his criminal history category.[5] To support this new argument, he offers to obtain the sworn statement of a former employee of the boot camp "if called upon to do so." Appellant's Br. 11 n.3. Moreover, he argues that the District Court was required to find that he was confined expressly before it could adopt the PSR. We again reject his arguments for at least two reasons.

First, as we explained in connection with Saunders's first claim of plain error, the District Court did not plainly err in accepting and adopting the undisputed PSR, which included the fact of Saunders's prior juvenile conviction and sentence. *Watkins*, 54 F.3d at 166-67; Fed. R. Crim. P. 32(i)(3)(A). Just as he had not objected to consideration of the underlying robberies in the calculation of his sentence, Saunders lodged no objection to the consideration of his prior juvenile sentence in connection with his initial sentencing, his first appeal, his habeas petition, or his resentencing. Thus, we see no plain, obvious, or clear error in the District Court's reliance on the undisputed PSR to determine Saunders's criminal history category.

Second, as a reviewing court, we are bound to the record before us. *See, e.g.*, *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96

---

[5] Under U.S.S.G. § 4A1.2(d)(2)(A), the court may "[]add 2 [criminal history] points . . . for each . . . juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense[.]"

(3d Cir. 1990). This appeal is not the appropriate venue for Saunders to offer new evidence that he has never presented to the District Court in connection with any of his previous and varied proceedings before the trial court and this Court. Thus, his proffer of new evidence to call into question the nature of his prior juvenile conviction and sentence does little to advance his claim.

C.

Next, Saunders raises a procedural unreasonableness claim urging that the District Court plainly erred in failing to consider certain mitigating evidence. In particular, he claims the District Court failed to consider Saunders's sexual assault while in Bureau of Prisions' custody, his acceptance of responsibility, and his poor health. **Appellant Br. 42.** But this argument, unpreserved as it is, goes to the District Court's discretion in weighing the evidence. And we see no abuse of discretion let alone plain error in the District Court's consideration of Saunders's mitigating evidence.

When fashioning a sentence, a district court must, among other things, consider any relevant § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citations omitted). Consideration of these factors requires the court to "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) (internal quotation marks and citation omitted). While "meaningful consideration" requires "more than a rote recitation of the § 3553(a) factors," *Tomko*, 562 F.3d at 567, it does not mandate the court "explicitly comment on every factor if 'the

8

record makes clear the court took the factors into account in sentencing.'" *United States v. Lofink*, 564 F.3d 232, 238 n.13 (3d Cir. 2009) (citations omitted).

Here, the record shows that the District Court meaningfully considered all mitigating evidence. The District Court explained, among other things, that it "considered [Saunders's] argument that [he] has been the victim of retaliation because he filed a complaint about the assault in that [Saunders] has been punished for his infractions in the prison, . . . . [t]hat [Saunders] is in poor health[,] . . . . [Saunders] [is] not the person he was at the time he committed these crimes or when he was 25-years-old at sentencing[,] . . . . [Saunders'] statement of remorse and that he has changed his code." App. 221-23. Quite apart from ignoring Saunders's mitigating evidence, the District Court carefully weighed it against other evidence of the "the incredibly serious nature of these crimes, and the defendant's horrible conduct while in prison" and determined that an upward variance was appropriate. App. 222. We conclude that the sentence is neither plainly erroneous nor procedurally unreasonable.

### D.

Last, Saunders urges that no reasonable sentencing court would have imposed the sentence imposed by the District Court in this case. That is, the District Court's sentence is substantively unreasonable. We disagree.

The burden rests on Saunders to show that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Tomko*, 562 F.3d at 568; *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). We are to "'give due deference to the district court's determination that the § 3553(a) factors,

9

on the whole,' justify the sentence." *Tomko*, 562 F.3d at 568 (quoting *Gall*, 552 U.S. at 51). Great deference is provided because the district court "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id.* at 561 (quoting *Gall*, 552 U.S. at 51).

Saunders's substantive unreasonableness argument generally tracks his procedural unreasonableness argument and, thus, fails for the same reasons. He argues that the District Court's "assessment that he remains a danger to society was based on [its] failure to properly weigh the sentencing factors, its disregard of the traumatic sexual assault he suffered in BOP custody, and his worsening medical conditions." Appellant's Br. 50. But as we explained, the District Court acknowledged and meaningfully responded to these mitigating factors and decided, on balance, that the upward variance was justified due to the seriousness of the offense and Saunders' extensive disciplinary record. Since "we . . . have an explanation from the [D]istrict [C]ourt sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)[,]" *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008), we conclude that Saunders has not established that his sentence is substantively unreasonable.

IV.

For these reasons, we will affirm the District Court's judgment and sentence.